SELZER et v. TURSKE et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8161. Decided Feb. 6, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

297. CONTRACTS—884. Parol Evidence.

1. Prior or contemporaneous parol agreements cannot be introduced if they contradict or vary terms of writing.

2. When contract is in writing, interpretation is up to court, and he cannot divest himself of his duty by throwing it upon jury.

753. MEASURE OF DAMAGES.

For violation of lease, is difference between rental, as specified, and what lease is worth. To submit question of prospective profits, is erroneous.

Error to Common Pleas.
Judgment reversed.

Locher, Green & Woods, Cleveland, for Selzer et.

Wheeler & Adrion, Cleveland, for Turske et.

STATEMENT OF FACTS.

The case was started in the Common Pleas Court by the plaintiffs in error, who were plaintiffs below, to quiet title and to cancel a lease that was on record in the Recorder's Office against the real estate described in the petition.

To this petition an answer was filed and a cross petition asking for damages, and when you get by that proposition and view the record, you have a curious situation, and the record itself would be the best comment to make upon it.

It seems that the Selzers were the owners of the piece of property described in the petition, and that they leased said property to the defendant in error, originally for one year, with the right of renewal for three years more, which lease was in writing and contained the following provisions:

"Parties of the second part hereby agree to and with the parties of the first part that they will vacate said premises, said party of the first part giving said parties of the second part at least thirty days' notice in writing of their intention to sell said premises, and said parties of the first part shall pay to the parties of the second part the sum of $200.00 on or before the expiration of said thirty days' notice, and said parties of the second part shall hereby vacate said premises."

The defendant went into possession under this lease and occupied it for some time, but before the first year was up, the owners served upon the defendant lessee, a notice, in accordance with the provisions of this lease, and tendered and paid, to the defendant, the sum of $200, and he vacated the premises in accordance with the provisions of this lease, but, inasmuch as the lease was of record, and was not cancelled, it constituted a cloud upon the title, and this suit to quiet title was commenced, and then the cross petition for damages was filed, and the court granted the application to quiet title, but submitted the question of damages to a jury and, under the charge of the court, the jury found a verdict in favor of the defendant or his cross petition, in the sum of $1,750, which was reduced, by the court, to $1,454.80. It is to reverse that judgment that error is prosecuted here by the Selzers.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

VICKERY, J.

Now here was a plain, unequivocal, unambiguous provision in this contract, that the plaintiffs could terminate this lease, at any time, by giving notice, not less than thirty days, of their intention to sell this property, and the evidence, uncontradicted, shows that they did so give the notice and paid the $200. Now this, in effect, amounted to a provision in the lease that it might be terminated at any time by the plaintiffs, and that the $200 was in the nature of liquidated damages for the termination of this lease and that was agreed to by all the parties to the contract.

It seems, however, that the theory of the cross petition was that this property, and the lease of this property, was not to be terminated unless there was a sale of this property and that they were so ingenious in their theory that they prevailed upon the court to admit evidence as to conversations that took place at the time this contract was made. Now if there is any rule of evidence that is well established, it is that prior or contemporaneous parol agreements can not be introduced in testimony if they contradict or vary the terms of the writing. All authorities on evidence hold that where a contract is reduced to writing, all that took place prior to and contemporaneous with the writing is merged in the writing.

There is no ambiguity in the words of the paragraph that is quoted in this opinion. They are plain, unambiguous, clear and concise. They did not need any explanation or anything to make them clear. If, as a matter of fact, other things were agreed to at the time this contract was made, and the writing did not express the intention of the parties, as voiced by their words, then it would have been proper to have attempted to reform this contract and

then to enforce it, or to recover damages after it was so reformed. Nothing of that kind having been done, all the evidence that was introduced in this case was improperly introduced and the court permitted the jury to speculate upon what the parties intended, when the whole intention, so far as this lawsuit was concerned, was in the writing itself, and I think the authorities are unanimous on the question that, when a contract is in writing, the interterpretation of that contract is up to the court, and he cannot divest himself of his duties by throwing it upon a jury.

We think, therefore, that the court erred in admitting evidence to show what the intention of these parties might have been. We think the court erred in permitting the jury to decide what this contract was. We think the court erred in rendering a judgment for the defendant on this cross petition. We think the court erred in not granting a motion to direct a verdict at the close of all the testimony, as there was no evidence that would warrant a submission to the jury on this question. We further find that the court erred in the measure of damages that he adopted. The measure of damages is not the prospective profits that these people might have made. That is too speculative. They might have made a profit for a week or a month and then there might have been a flat failure and they would have made no profits whatever. The measure of damages, if they had a good lease which was for $50 a month and it was worth $150 a month, the measure of damages, I say, would be the difference between what they had to pay for the lease and what the lease was really worth, and to submit the question of prospective profits is so highly speculative, that it becomes erroneous when a verdict is based upon any such findings as that.

The judgment, therefore, will be as outlined and a journal may be drawn embodying these views.

(Sullivan, PJ. and Levine, J., concur.)